UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MEERA SALAMAH, <br>     Plaintiff, <br><br> v. <br><br> UT SOUTHWESTERN HEALTH SYSTEMS; UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER; ANGELA MIHALIC, M.D.; and KEVIN KLEIN, M.D. <br>     Defendants. | § § § § § § § § § § § § §    CIVIL ACTION NO. 3:24-cv-00477 |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

TO THE HONORABLE COURT:

COMES NOW Meera Salamah (hereinafter "Salamah" Or "Plaintiff") and files this First Amended Complaint and Jury Demand against Defendants University of Texas Southwestern Medical Center (hereafter "UT Southwestern"), UT Southwestern Health Systems ("UT Health"), Angela Mihalic, M.D., Dean of Medical Students (hereafter "Dean Mihalic") and Kevin Klein, M.D., and respectfully shows the Honorable Court and Jury as follows:

**I.**
**INTRODUCTION AND SUMMARY OF CLAIMS**

1. Plaintiff Meera Salamah (hereafter "Salamah") brings this action against the Defendants UT Southwestern, Dean Mihalic, and Dr. Klein to address systemic discrimination against medical students with disabilities.

2. This matter concerns the policies and practices of UT Southwestern with regard to the accommodation of students on medical leave.

1

3. UT Southwestern's current policies effectively screen out students with medical needs, because students are still required to meet academic requirements while on medical leave. Essentially, any student with a need for medical leave will be unable to actually utilize that leave because of requirements that the student continue meeting educational objectives during that time.

4. Ms. Salamah, the recipient of a lung transplant, and an individual with related disabilities, was denied the opportunity to complete her medical school education, despite meeting academic qualifications and providing the university with ample documentation of her need for medical leave.

5. Defendants have engaged in a continuous pattern or practice of discrimination by denying extended medical leave and/or denying students the opportunity to have medical leave at all.

## II.
### PARTIES

6. Plaintiff Meera Salamah is an individual residing in Austin, Texas.

7. Defendant University of Texas Southwestern Medical Center (hereafter "UT Southwestern"), is a Texas corporation that may be served with the Complaint and Summons through its administrative head, W. P. Andrew Lee, M.D.

8. Defendant UT Southwestern Health Systems (herein "UT Health") is a Texas Corporation and has been previously served.

9. Defendant Angela Mihalic, M.D. is the Dean of Medical Students & Associate Dean of Student Affairs for UT Southwestern and may be served through her employer, UT Southwestern through its administrative head, W. P. Andrew Lee, M.D.

10. Defendant Kevin Klein, M.D. was the Chair of the Student Promotions Committee for UT Southwestern, the committee responsible for approving her discharge, at the time of Ms.

2

Salamah's dismissal and may be served through her employer, UT Southwestern through its administrative head, W. P. Andrew Lee, M.D.

11. Whenever it is alleged in this complaint that any Defendant(s) did or failed to do any action or omission, such Defendant(s), acting individually, or by and through its agents, officers, directors, servants, and employees, either did or failed to do that that particular action in the course and scope of his or her employment.

## III.
### JURISDICTION AND VENUE

12. This Court has original jurisdiction to hear the complaint under 28 U.S.C. § 1331, as this action is being brought under the Americans with Disabilities Act Title II and Section 504 of Rehabilitation Act.

13. Venue is appropriate in the Northern District of Texas, Dallas Division, because a substantial portion of the actions and/or omissions occurred in this jurisdiction as set forth by 28 U.S.C. § 1391(a)(2).

## IV.
### FACTS

**A. Ms. Salamah's Academic History**

14. Ms. Salamah is the recipient of a lung transplant and suffers from major depressive disorder. Accordingly, she is a person who has a disability, has a record of having a disability, and is regarded as having a disability as set forth in the Americans with Disabilities Act as Amended, and as similarly defined by the Rehabilitation Act of 1974.

15. Recipients of organ transplants, including Ms. Salamah, can continue to experience complications and potential complications. This case concerns her right to receive policy modifications and/or accommodations that enable her to continue her education.

16. Ms. Salamah is a capable and determined student, who has overcome many obstacles in her life. Through her experience as a recipient of a lung transplant, she gained a particular desire to help others through the practice of medicine.

17. Ms. Salamah has shown dedication, determination, and academic capability throughout her schooling. After stellar performance during her undergraduate career and obtaining excellent scores on the MCAT examination, she was admitted into the prestigious program at UT Southwestern, where she decided to attend medical school.

18. She began her career as a medical student in 2020 and had no academic performance issues.

19. On February 19, 2022, Ms. Salamah requested leave due to transplant complications and major depressive disorder.

20. Ms. Salamah's initial request was denied, although she was initially given the opportunity to have a brief deferral of certain requirements, including a deferral until April 8, 2022 of her requirement to sit for the United States Medical Licensing Examination ("STEP") examination. During this deferral, she was expected to continue academic work, including preparation for the STEP examination.

21. The STEP examination is neither written nor administered by UT Southwestern. It is created and administered by the National Board of Medical Examiners. Medical licensing in Texas is controlled by the Texas Medical Board. UT Southwestern has no control over the academic requirements of either institution.

22. Four days after receiving communication from UT Southwestern that her leave request had been denied and she had instead been granted a deferral, Ms. Salamah informed UT Southwestern that she may need additional time, as issues with her physical health were further

compounded by related mental health issues stemming from the death of a close family friend suffering from a similar health condition. She was assured she could "take her time" in assessing her options.

23. Unfortunately, by March 14, 2022, it was apparent that Ms. Salamah would be unable to return to her education as scheduled, due to ongoing complications. After receiving clarification regarding the anticipated length of her rehabilitation, Ms. Salamah requested her status be changed from a deferral to medical leave.

24. On March 24, 2022, Ms. Salamah submitted a formal request for accommodation due to disability, including her physician's recommendation that she receive a medical leave of absence.

25. As Ms. Salamah would soon discover, UT Southwestern does not offer, or in the alternative, did not offer to her, true medical leave. UT Southwestern refused to make reasonable modifications to the requirements to complete the STEP examination.

26. Ms. Salamah did not request at any time that UT Southwestern excuse her from completing any of the academic requirements of her program. She simply requested that due to her disability, she receive additional time to complete the requirements of graduation and licensing. Likewise, Ms. Salamah did not request additional time to complete the examinations, she simply requested that the time she spent on academic leave not be applied in a discriminatory manner.

27. The Texas Board of Medical Examiners allows students up to seven years to satisfactorily complete their STEP examinations, which Ms. Salamah would still be able to do.

28. The modifications requested of UT Southwestern would not require the university to lower or otherwise substantially alter the elements of the medical school program.

29. Despite Ms. Salamah's prompt notification of her need for additional time and reasonable follow-up contact, UT Southwestern took more than one month to review her request for a two-month medical leave.

30. On or about April 22, 2022, she was once again denied leave, but received an approval for a deferral through June 3, 2022. During this deferral she would be required to sit for the STEP examination.

31. In May of 2022, Ms. Salamah once again informed her advisors at UT Southwestern that the deferral was inadequate and she needed a formal medical leave of absence.

32. Ms. Salamah was informed that the request would extend her graduation date. She promptly responded that she was aware extension would be required and she agreed to the same.

33. Finally, on June 6, 2022, Ms. Salamah was granted what was termed a "medical leave of absence" for a period of seven months, through the beginning of the Spring semester of 2023. However, this "leave" still required her to complete the STEP examination with a passing score before resuming her studies, in addition to other academic and medical treatment requirements.

34. Eventually, Ms. Salamah's administrative leave was extended to February 24, 2023.

35. Moreover, during Ms. Salamah's requests for leave, UT Southwestern frequently moved the targets for when her STEP examination would be required, including advancing deadlines for completion, without providing sufficient notice. By way of example, when Ms. Salamah was on leave, she was informed she would have until June of 2023 to take and pass the STEP examination. Instead, in approximately January of 2023, she was called by Dr. Sachs, with the knowledge of Dean Mihalic, and told she would only have until February 24, 2023 to take and

pass the examination. Despite her serious ongoing medical condition, she was able to submit a request for disability accommodation.

36. Ms. Salamah was eventually dismissed on or about March 1, 2023, purportedly for failing to complete the STEP examination. The STEP examination is not an academic requirement of UT Southwestern, and the delay in completing the STEP examination would not prevent her from complying with the requirements set by the Texas Board of Medical Examiners.

37. Ms. Salamah exhausted all available appeals. During that process, her correspondence with UT Southwestern, Dean Mihalic, and Dr. Klein made it abundantly clear her requests were made on the basis of disability.

38. Ms. Salamah is now fully able to return to her studies, but has been denied the opportunity to continue at UT Southwestern. Due to her dismissal, she is also effectively precluded from continuing her studies at another university.

39. Defendants have demonstrated deliberate indifference because Defendants are aware of Ms. Salamah's medical conditions, and the required accommodations, but have failed to provide accommodations as required by law.

## V.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION - VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
### (As to All Defendants)

40. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

41. Section 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794 et seq., states that "no qualified individual with a disability in the United States shall be excluded from, denied the benefits of, or be subjected to discrimination under any program, service or activity

receiving federal financial assistance or under any program or activity conducted by any Executive agency."

42. Section 504 of the Rehabilitation Act requires covered entities to provide "reasonable accommodations" to individuals with disabilities so they can fully participate in benefits administered with federal funding. 29 U.S.C. § 794(a).

43. Section 504 of the Rehabilitation Act prevents the "exclusion" of students with disabilities.

44. UT Southwestern has failed to provide reasonable accommodations and excluded students with disabilities in conduct including, but not limited to, the following:

   a. Requiring a minimum length of illness to enable leave to be taken;

   b. Requiring students on academic leave to continue to study for and pass state licensing exams, although that is not a requirement of either the Texas Board of Medical Examiners, nor is it a requirement of the administrators of the examinations;

   c. Taking an excessive amount of time and requiring excessive documentation in evaluating student requests for medical leave;

   d. Requiring excessive documentation in an unreasonable timeframe from students with disabilities;

   e. Failing to provide an academic remediation plan, although such plans are available to students without disabilities;

   f. Failing to make modifications to internal policies regarding medical leave documentation while students are incapacitated by medical issues; and

    g. Dismissing students with otherwise satisfactory performance due to the utilization of medical leave.

45. Each of the above resulted in Ms. Salamah being excluded from, denied the benefits of, and being subjected to discrimination by the UT Southwestern medical school.

46. Plaintiff's status as an organ transplant recipient qualifies as disabilities for purposes of the Rehabilitation Act. 29 U.S.C. § 705(2)(B); 42 U.S.C. § 12102.

47. Defendants are recipients of federal financial assistance.

## SECOND CAUSE OF ACTION –
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – TITLE II
### (As to All Defendants)

48. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

49. UT Southwestern is a branch of state government, or in the alternatively, is an instrumentality of the state, subject to Title II of the ADA in its administration of federal funds. 42 U.S.C. § 12131(1)(a); 28 C.F.R. § 35.104.

50. Title II of the ADA, 42 U.S.C. § 12132, states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

51. Defendant may not "utilize criteria or methods of administration … [t]hat have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability." 28 C.F.R § 35.130(b)(3)(i).

52. Public entities, such as Defendant, must "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7)(i).

53. Ms. Salamah is a qualified person with a disability, as that term is defined in the ADA and the ADA Amendments Act of 2008.

54. UT Southwestern's medical school is a service, program, or activity, within the definition of Title II of the Americans with Disabilities Act.

55. UT Southwestern's policies discriminate against students with disabilities, including Ms. Salamah, in several ways, including, but not limited to:

   a. Requiring a minimum length of illness to enable leave to be taken;

   b. Requiring students on academic leave to continue to study for and pass state licensing exams, although that is not a requirement of either the Texas Board of Medical Examiners, nor is it a requirement of the administrators of the examinations;

   c. Taking an excessive amount of time and requiring excessive documentation in evaluating student requests for medical leave;

   d. Requiring excessive documentation in an unreasonable timeframe from students with disabilities;

   e. Failing to make modifications to internal policies regarding medical leave documentation while students are incapacitated by medical issues; and

   f. Dismissing students with otherwise satisfactory performance due to the utilization of medical leave.

56. As a result of Defendants' violations, Ms. Salamah suffered and continues to suffer damages and requires injunctive relief.

57. Title II authorizes this Court to award reasonable attorneys' fees as part of the costs. 42 U.S.C. § 12133; 29 U.S. Code § 794a(b).

### THIRD CAUSE OF ACTION – VIOLATION OF 24 U.S.C. § 1983

58. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs.

59. Under the federal law, Ms. Salamah had a right to federal due process, including a right to a fair and legitimate process in all student dismissal hearings.

60. Ms. Salamah was denied due process in several ways. First, Ms. Salamah was given inadequate notice of her requirement to take the STEP examination prior to the end of her medical leave. In fact, she was expressly misinformed regarding her obligations.

61. Second, upon being informed of a new and suddenly pending deadline for retaking the STEP examination, Ms. Salamah requested additional accommodation using the appropriate paperwork. Ms. Salamah requested her physician complete the required paperwork. Ms. Salamah received no notice of the lack of paperwork received from her physician.

62. Third - stemming from the first and second items listed above - the Student Promotions Committee was given inaccurate information regarding Ms. Salamah's request for an extension of the deadline to complete the STEP examination by February 24, 2023. Despite Ms. Salamah's express request for an accommodation, which was made with the knowledge of UT Southwestern representatives, including Dean Mihalic, the Student Promotions Committee was informed the request for extension was not based on disability. Moreover, the Student Promotions Committee expressly based its decision to dismiss Ms. Salamah on this information and stated as such in the initial letter regarding dismissal.

63. Fourth, Ms. Salamah was contacted by Dean Mihalic and required to make an immediate decision whether she would voluntarily withdraw, or be dismissed, without an adequate opportunity to consider the options.

64. Accordingly, Ms. Salamah was deprived of her property interest in continuing her education without due process.

65. Although UT Southwestern has attempted to describe her dismissal as "academic" in nature, it is truly disciplinary based on non-attendance, as Ms. Salamah never failed to meet any academic requirements of UT Southwestern, as the STEP examination is not an academic requirement created or administered by UT Southwestern, and Ms. Salamah was on a medical leave of absence during the administration of all such examinations.

66. As a result of Defendant's violations, Ms. Salamah suffered and continues to require injunctive relief in accordance with *Ex Parte Young*.

## VI.
### JURY TRIAL DEMAND

67. Plaintiff hereby demands a trial by jury.

## VII.
### PRAYER FOR RELIEF

68. WHEREFORE, for the foregoing reasons, Plaintiff prays that this Court grant judgment in her favor, and against Defendants, as follows:

   a. Award injunctive relief so Plaintiff may be reinstated as a student, or otherwise be permitted to continue her studies;

   b. Award damages against Defendants as is proper under law, including but not limited to punitive damages, compensatory damages, nominal damages and damages for stigmatic injury;

c. Award declaratory relief such that policies discriminating against students with disabilities be revoked and/or replaced with non-discriminatory policies.

d. Award Plaintiff her costs and attorneys' fees incurred herein; and

e. Other relief as this Court deems just and proper.

Date: June 12, 2024

Respectfully Submitted,

*/s/ S. Tomiyo Stoner, Esq.*
S. Tomiyo Stoner, Esq.
State Bar No. 24103950
UNDAUNTED LAW FIRM, P.C.
400 E. Las Colinas Blvd. Suite 491
Irving, Texas 75039
Phone: 844-232-4332
E-mail: tstoner@undauntedlaw.com
Attorney for Plaintiff Meera Salamah