UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MEERA SALAMAH<br>*Plaintiff*,<br><br>v.<br><br>THE UNIVERSITY OF TEXAS<br>SOUTHWESTERN MEDICAL CENTER;<br>ANGELA MIHALIC, M.D.; ARLENE<br>SACHS, PH.D.; ANDREW LEE, M.D.;<br>KEVIN KLEIN, M.D.,<br>*Defendants*. | Civil Action No. 3:24-cv-00477-D |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants file this Answer to Plaintiff's Third Amended Complaint. Pursuant to the Federal Rules of Civil Procedure, Defendants deny each and every allegation contained in Plaintiff's Third Amended Complaint except for those expressly admitted herein. The headings and paragraphs below correlate to the sections and numbered paragraphs of Plaintiff's Third Amended Complaint. Those titles are reproduced in this Answer for organizational purposes only and Defendants do not admit any matter contained therein.

### I. INTRODUCTION AND SUMMARY OF CLAIMS

1. Defendants lack sufficient knowledge at this time to admit or deny whether Plaintiff was the recipient of an organ transplant. Otherwise, deny.

2. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

3. Deny.

4. Admit that UT Southwestern's medical school curriculum required Plaintiff to take the Step 1 examination. Otherwise, deny.

1

5. Admit that Plaintiff attempted to take the Step 1 examination. Defendants lack sufficient knowledge at this time to admit or deny the remainder of this paragraph.

6. Admit that Plaintiff was dismissed from UT Southwestern Medical Center ("UT Southwestern") after she did not pass the Step 1 examination by her required deadline. Admit that UT Southwestern's curriculum includes six consecutive weeks of dedicated study time for the Step 1 exam. Deny any remaining allegations in the paragraph.

7. Deny.

## II. PARTIES

8. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

9. Admit that UT Southwestern is a public entity for purposes of Title II of the ADA and receives federal financial assistance. Deny the remaining allegations in the paragraph.

10. Admit that Dr. Mihalic is Dean of Medical Students and Associate Dean of Student Affairs for UT Southwestern and an *ex officio* member of the Student Promotions Committee. Deny any remaining allegations in this paragraph.

11. Admit that Dr. Sachs is Director of Student Academic Support Services for UT Southwestern and an *ex officio* member of the Student Promotions Committee. Deny any remaining allegations in this paragraph.

12. Admit that Dr. Klein is the Chair of the Student Promotions Committee and could recommend the modification of an academic policy. Deny any remaining allegations in this paragraph.

13. Admit that Dr. Lee is Dean of UT Southwestern Medical School and may grant appeals of Student Promotions Committee decisions, thereby reversing those decisions. Admit that Dr. Lee affirmed the Student Promotions Committee's decision to dismiss Plaintiff. Deny any remaining allegations in the paragraph.

### III. JURISDICTION AND VENUE

14. Admit.

15. Admit.

### IV. FACTS

**A. About Ms. Salamah**

16. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

17. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

18. Deny that Plaintiff was a "capable" student at UT Southwestern. Deny any implication that Plaintiff was a "qualified individual" or otherwise able to meet the "essential requirements" of UT Southwestern's medical program, as these terms are used by the Americans with Disabilities Act (ADA) or the Rehabilitation Act. Defendants lack sufficient knowledge at this time to admit or deny the remainder of this paragraph.

19. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

20. Admit.

21. Admit that Plaintiff began medical school at UT Southwestern in 2020. Deny that Plaintiff successfully completed the first two years of medical school. Deny that Plaintiff "received the highest mark available in every class she took" at UT Southwestern. Defendants lack sufficient knowledge at this time to admit or deny the remainder of this paragraph.

22. Defendants lack sufficient knowledge at this time to admit or deny whether Plaintiff "became ill due to complications of her disability during her Step 1 study period." Deny the remaining allegations in this paragraph.

23. Admit that Plaintiff indicated that she may need "time off" on February 19, 2022. Defendants lack sufficient knowledge at this time to admit or deny whether Plaintiff had "transplant complications and related major depressive disorder" and "[a]t the time Ms. Salamah became ill,

3

approximately half of her classmates had yet to even begin studying for the Step 1 examination." Deny the remaining allegations in this paragraph.

24. Admit that Plaintiff's deadline to sit for Step 1 was extended to April 8, 2022. Otherwise, deny.

25. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

26. Deny the implication that Defendants' acts towards Plaintiff were not "genuine," that Plaintiff requested medical leave on March 14, 2022, and that Defendants denied that request. Defendants lack sufficient knowledge at this time to admit or deny the remainder of this paragraph.

27. Deny.

28. Deny.

29. Admit that Plaintiff's deadline to sit for Step 1 was extended to June 3, 2022. Defendants deny the remainder of this paragraph.

30. Deny.

31. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

32. Admit that, on June 6, 2022, UT Southwestern granted Plaintiff a medical leave of absence for a period of approximately seven months, through the beginning of the Spring 2023 semester. Admit that passing the Step 1 examination is a requirement of UT Southwestern's medical school curriculum. Deny the remainder of this paragraph.

33. Deny.

34. Admit that passing the Step 1 examination is a requirement of UT Southwestern's medical school curriculum. Deny the remaining allegations in this paragraph.

35. Defendants admit that Plaintiff took the Step 1 examination. Defendants deny the characterization of Plaintiff's medical leave from UT Southwestern as "nominal." Defendants lack sufficient knowledge at this time to admit or deny the remainder of this paragraph.

36. Deny that Plaintiff "did not have a fair opportunity to prepare for and take the Step 1 examination." Admit that Plaintiff failed this exam. Defendants lack sufficient knowledge at this time to admit or deny the remainder of this paragraph.

37. Deny.

38. Admit that Plaintiff failed the Step 1 examination. Defendants lack sufficient knowledge at this time to admit or deny the remainder of this paragraph.

39. Deny.

40. Admit that UT Southwestern placed Plaintiff on administrative leave. Defendants lack sufficient knowledge at this time to admit or deny whether Plaintiff was "experiencing acute rejection concerns." Defendants deny the remainder of this paragraph.

41. Admit that Plaintiff was able to submit a request for disability accommodation and that UT Southwestern extended her deadline to sit for the Step 1 examination. Deny that UT Southwestern did not provide sufficient notice of these Step 1 examination deadline extensions or any implication that Plaintiff requested accommodation for purposes of the ADA or Rehabilitation Act in January or February 2023. Defendants lack sufficient knowledge at this time to admit or deny the remainder of this paragraph.

42. Admit that UT Southwestern placed Plaintiff on administrative leave through February 24, 2023. Deny that the administrative leave was extended.

43. Admit Plaintiff was dismissed from UT Southwestern on March 1, 2023, in part due to her Step 1 examination failure. Deny the remaining allegations in this paragraph.

44. Admit that Plaintiff exhausted all available appeals in connection with her academic dismissal from UT Southwestern. Deny the remaining allegations in this paragraph.

45. Defendants lack sufficient knowledge at this time to admit or deny the allegations in this paragraph.

46. Defendants lack sufficient knowledge at this time to admit or deny the statement that "Defendants are aware of Ms. Salamah's medical conditions" as it is unclear what "medical conditions" she is referring to. Defendants deny the remainder of this paragraph.

47. Admit that Salamah was dismissed from UT Southwestern, in part due to her Step 1 examination failure. Deny any other allegations in this paragraph.

48. Defendants lack sufficient knowledge at this time to admit or deny the statement that "UT Southwestern does not offer, or in the alternative, did not offer to her, true medical leave," as it is unclear what the term "true medical leave" means in this context. Deny the remaining allegations in this paragraph.

49. Defendants lack sufficient knowledge at this time to admit or deny whether Plaintiff requested additional time during the Step 1 examination. Deny the remaining allegations in this paragraph.

**B. Ms. Salamah is qualified to pass the Step 1 examination and complete her studies.**

50. Deny.

51. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

52. Admit that UT Southwestern's USMLE policy allows students to retake the Step 1 examination under certain circumstances. Defendants lack sufficient knowledge at this time to admit or deny the statements that "[t]hose who do not pass the Step 1 examination initially have a very high likelihood of passage on another attempt" and "[i]n 2022, the passage rate for repeat test takers was 76%." Deny the remaining allegations in this paragraph.

53. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

54. Deny that Plaintiff was unable to take a second or third attempt at passing the Step 1 exam and the implication that she was treated differently than non-disabled students. Defendants lack sufficient knowledge at this time to admit or deny the remainder of this paragraph.

55. Deny.

56. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

57. Deny.

58. Deny the implication that Plaintiff was treated differently than non-disabled students. Defendants lack sufficient knowledge at this time to admit or deny the remainder of this paragraph.

59. Admit that the later years of medical school focus more heavily on clinical skills. Deny that Plaintiff is "particularly poised to thrive" or "particularly primed to excel" in medical school, as she failed Step 1 and was academically dismissed from UT Southwestern. Defendants lack sufficient knowledge at this time to admit or deny the remainder of this paragraph.

60. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

61. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

62. Defendants lack sufficient knowledge at this time to admit or deny this paragraph, as it is unclear what the term "disqualification" means in this context. To the extent that "disqualification" refers to the basis for Plaintiff's academic dismissal from UT Southwestern, Defendants deny.

63. Admit that Plaintiff *believes* that she pled "that she meets every one of the essential requirements set forth by UT Southwestern's own documentation of the essential requirements for its medical school." Otherwise, deny.

64. Deny.

C. **Patients as Physicians.**

65. Admit that there may exist other medical students who have used their experience of adversity to benefit others and who have overcome major medical challenges and successfully practiced medicine with minimal accommodations. Otherwise, deny.

66. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

67. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

68. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

69. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

70. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

71. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

**D. UT Southwestern's Proffered Reason for Dismissal is Discriminatory**

72. Deny.

73. Admit that the Technical Standards and Essential Functions for UT Southwestern Medical School Degree Candidates requires candidates to "meet the legal standards to practice medicine in the State of Texas" and does not explicitly reference the USMLE Step examinations. Otherwise, deny.

74. Deny.

75. Admit that the Texas Medical Board utilizes these criteria, but deny any implication that the Texas Medical Board utilizes only these criteria.

76. Admit.

77. Admit that the "[t]he USMLE is the primary standardized national examination used by state [medical] boards throughout the country" and "[t]he USMLE offers three 'Step' examinations." Admit that "[t]wo of the Step examinations are taken within medical school and the final examination is taken during residency" typically (including for UT Southwestern students), but deny that all individuals take the Step examinations at these times.

78. Defendants lack sufficient knowledge at this time to admit or deny whether "[t]he Texas Medical Board places only minimal limitations on the number of attempts which may be made to pass the USMLE or comparable examinations," as it is unclear what the term "minimal limitations" means in this context. Otherwise, admit.

79. Defendants lack sufficient knowledge at this time to admit or deny whether "[t]he Texas Medical Board allows a generous amount of time to pass USMLE Step or comparable examinations," as it is unclear what the term "a generous amount of time" means in this context. Otherwise, admit.

80. Admit.

81. Deny.

82. Admit that Plaintiff disclosed information about her medical condition in her personal essay for the medical school application. Deny that UT Southwestern considered Plaintiff's status as a "lung transplant patient" in assessing whether she was qualified for UT Southwestern's MD program. Defendants lack sufficient knowledge at this time to admit or deny whether UT Southwestern is a "top ten transplant center in the country," as it is unclear what this term means in this context.

83. Deny that "[t]he accommodation/modification Ms. Salamah sought was the opportunity to briefly pause her studies while she addressed her medical needs" and "not did she in any way ask UT Southwestern to relax its academic standards." Defendants lack sufficient knowledge at this time to admit or deny the remainder of this paragraph.

84. Admit that UT Southwestern medical students receive "pathway" assignments that impact the timing of their clinical rotations. Defendants deny the remainder of this paragraph.

85. Deny.

### V. Causes of Action

### FIRST CAUSE OF ACTION – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
**(As to UT Southwestern)**

86. Defendants need not respond to paragraphs simply realleging or reincorporating prior paragraphs—otherwise, denied.

87. Deny insofar as Plaintiff is not accurately quoting 29 U.S.C. § 794.

9

88. Defendants lack sufficient information at this time to admit or deny the allegations in this paragraph.

89. Admit.

90. Admit that Section 504 requires covered entities to provide "reasonable accommodations" to disabled individuals in certain circumstances. Deny the remainder of the paragraph to the extent it diverges from Section 504's requirements.

91. Admit that 29 U.S.C. § 794(a) states that "[n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." Deny the remainder of the paragraph to the extent it diverges from Section 504's requirements.

92. Deny.

93. Deny.

94. Deny that Plaintiff "was excluded from medical school solely as a result of her disability." Defendants lack sufficient knowledge at this time to admit or deny the remainder of this paragraph.

95. Admit that UT Southwestern provides "support" to its students, allows its student to retake the Step 1 exam under certain circumstances, and academically dismissed Plaintiff. Otherwise, deny.

96. Deny.

## SECOND CAUSE OF ACTION –
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – TITLE II
### (As to Individual Official Capacity Defendants)

97. Defendants need not respond to paragraphs simply realleging or reincorporating prior paragraphs—otherwise, denied.

98. Admit that UT Southwestern is a public entity for purposes of Title II of the ADA. Deny the remainder of the paragraph to the extent it diverges from the ADA's requirements.

99. Admit.

100. Admit to the extent that Plaintiff is accurately quoting 28 C.F.R. § 35.130(b)(3)(i). Otherwise, deny.

101. Deny. The full quote from 28 C.F.R. § 25.130(b)(7)(i) reads as follows. "(7)(i) A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity."

102. Deny as Plaintiff is not accurately describing Title II's requirements.

103. Defendants lack sufficient knowledge at this time to admit or deny the statement, "During the relevant timeframe, she had difficulty breathing and maintaining adequate oxygen intake and was therefore unable to perform even basic activities of daily living such as dressing, preparing food, cleaning, and, course, to study." Defendants deny the reminder of this paragraph. .

104. Deny.

105. Deny.

106. Deny.

107. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

108. Deny.

109. Defendants lack sufficient knowledge at this time to admit or deny this paragraph.

110. Admit that a successful Title II plaintiff may recover attorneys' fees. Otherwise, deny.

## VI. JURY TRIAL DEMAND

111.    Admit that Plaintiff demands a jury trial.

## VII. PRAYER FOR RELIEF

Defendants pray that Plaintiff takes nothing from this suit and instead that the Court award Defendants all relief allowed by law and equity, including awarding costs.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses herein:

(1)     Plaintiff's claims fail to the extent they are barred by Defendants' sovereign immunity.

(2)     Plaintiff's claims fail to the extent she does not carry her burden to show that she has standing to pursue her claims.

(3)     Defendants had legitimate, non-discriminatory reasons for all actions affecting Plaintiff that she contends were unlawful. Plaintiff further cannot meet the required causation standard.

(4)     Defendants' actions relevant to this suit were done in good faith and without malice, willfulness, or intent. Any challenged action taken against Plaintiff was reasonably necessary to business or governmental operations.

(5)     Plaintiff's claims are subject to all applicable statutory limitations, including the exemption of a government, government agency, or political subdivision from punitive damages.

(6)     Defendants' decisions and actions regarding Plaintiff were wholly appropriate and these same decisions and actions would have been taken regardless of any allegedly unlawful motives.

(7)     Plaintiff's claims fail as her requested accommodation would require a fundamental or substantial modification of UT Southwestern's program or standards or would otherwise impose an undue hardship on UT Southwestern.

(8)     Plaintiff's request for emotional damages, if any, are not recoverable in this lawsuit.

 (9)  Plaintiff failed to mitigate its damages, if any.

 (10)  Plaintiff's damages, if any, are limited by the applicable statutory caps.

Defendants' reserve the right to amend or supplement these affirmative defenses as this case proceeds.

Date: June 12, 2025

                Respectfully submitted.

                **KEN PAXTON**
                Attorney General

                **BRENT WEBSTER**
                First Assistant Attorney General

                **RALPH MOLINA**
                Deputy First Assistant Attorney General

                **AUSTIN KINGHORN**
                Deputy Attorney General for Civil Litigation

                **KIMBERLY GDULA**
                Chief, General Litigation Division

                */s/Todd Dickerson*
                **TODD DICKERSON**
                Attorney-in-charge
                Texas Bar No. 24118368
                Assistant Attorney General
                General Litigation Division
                Office of the Attorney General
                P.O. Box 12548
                Austin, Texas 78711
                (512) 463-2120 – Phone
                (512) 320-0667 – Fax
                todd.dickerson@oag.texas.gov
                ***Counsel for Defendants***

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 12, 2025, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

Tomiyo Stoner
UNDAUNTED LAW FIRM, P.C.
4000 E. Las Colinas Blvd., Suite 491
Irving, Texas 75039
tstoner@undauntedlaw.com
*Counsel for Plaintiff*

                                                              */s/ Todd Dickerson*